*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

Page 1 of 10

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                   Case # 3:10cr107-002/MCR

**RENE ORTEGA CALDERON**
a/k/a "Rene Enrique Calderon"
a/k/a "Chimuelo"

USM # 20813-017

**Defendant's Attorney:**
**Randall Lockhart (AFPD)**
3 West Garden Street, Suite 200
Pensacola, Florida 32502

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts One and Two of the Indictment on December 3, 2010. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 371 and 2314 | Conspiracy to Transport Stolen Goods | February 12, 2010 | One |
| 18 U.S.C. §§ 2314 and 2 | Transportation of Stolen Goods in Interstate Commerce | January 15, 2010 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
March 9, 2011

*/s/ M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Date Signed: March 23rd, 2011

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

*Page 2 of 10*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **90 months. This term consists of 60 months as to Count One and 90 months as to Count Two, with the terms to run concurrently, one with the other.**

The Court recommends that the defendant be designated to a Bureau of Prisons facility as near to Culver City, California, as reasonably possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*  
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

*Page 3 of 10*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year at to Counts One and Two, to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 4 of 10*
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*
a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"

    officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. Restitution shall be paid in monthly installments of not less $500 per month to commence within three months after release from incarceration.

2. The defendant shall cooperate with the probation department and/or the Immigration and Customs Enforcement agency regarding his immigration status and abide by all orders or instructions of that agency. If deported, the defendant shall not reenter the United States without the permission of the Attorney General of the United States or the Secretary of the Department of Homeland Security. Upon reentering the United States at any time during the term of supervised release, the defendant shall immediately report to the nearest United States Probation Office.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*  
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

*Page 5 of 10*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____      _____
Defendant                                 Date


_____      _____
U.S. Probation Officer/Designated Witness  Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*  
a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"

*Page 6 of 10*

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $200.00 | Waived | $514,314.68 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$200.00** is imposed.

### FINE

No fine imposed.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*            *Page 7 of 10*
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*
a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"

## RESTITUTION

Restitution in the amount of **$514,314.68** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Trotter's General Contractors<br>611 Choctaw Drive<br>Destin, Florida 32541 | $20,842.94 |
| United Rental<br>17446 Panama City Beach Parkway<br>Panama City Beach, Florida 32413 | $10,000.00 |
| Brown's Welding and Construction<br>11352 County Road 83<br>Elberta, Alabama 36530 | $15,000.00 |
| Mastec Construction<br>[also called MasTec North America]<br>5380 Capital Circle<br>Tallahassee, Florida 32317 | $37,754.38 |
| Natures Finest Pest Control<br>3610 North Monroe Street<br>Tallahassee, Florida 32303 | $35,000.00 |
| Rental Equipment and Sales<br>611 South Hansell Street<br>Thomasville, Georgia, 31792 | $ 5,000.00 |
| Stiles Outdoor Equipment<br>92 Monahan Drive<br>Fort Walton Beach, Florida 32547 | $ 2,500.00 |
| Coastal Equipment Company<br>605 North County Hwy 393, Suite 8<br>Santa Rosa Beach, Florida 32459 | $ 5,000.00 |
| Triple-A Tree Experts<br>3610 North Monroe Street<br>Tallahassee, Florida 32303 | $    500.00 |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*  
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

*Page 8 of 10*

| | |
|---|---|
| Adaptive Ready Rent<br>8 Hollywood Blvd., SW<br>Fort Walton Beach, Florida 32548 | $ 2,130.00 |
| Esposito Garden Center<br>2743 Capital Circle, NE<br>Tallahassee, Florida 32308 | $ 5,000.00 |
| Rowe Drilling Company<br>P.O. Drawer 1389<br>Tallahassee, Florida 32302 | $33,902.00 |
| Trading Post Pawn Shop<br>100 Perry Ave., SE<br>Fort Walton Beach, Florida 32548 | $ 859.47 |
| FCCI Insurance Group<br>P.O. Box 58004<br>Sarasota, Florida 34232 | $20,872.10 |
| Scottsdale Insurance Company<br>One Nationwide Plaza<br>Columbus, Ohio 43215 | $ 1,961.38 |
| Fireman's Fund Insurance Company<br>350 Jericho Turnpike, Suite 310<br>Jericho, New Jersey 11753 | $82,778.70 |
| Travelers Insurance Company<br>1000 Windward Concourse<br>Alpharetta, Georgia, 30005 | $34,476.59 |
| State Farm Florida Insurance Company<br>P.O. Box 9604<br>Winter Haven, Florida, 33888 | $28,214.66 |
| Praetorian Insurance Company<br>300 West Broadway, Suite 1600<br>Council Bluffs, Iowa, 51503 | $53,777.13 |
| CNA Insurance Company<br>P.O. Box 3145<br>Tallahassee, Florida 32303 | $14,951.00 |
| Coltin Electric<br>1225 Airport Road<br>Destin, Florida 32541 | $ 817.33 |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

*Page 9 of 10*

| | |
|---|---|
| CW Bean General Contractor<br>P.O. Box 88<br>Niceville, Florida 32588 | $11,625.00 |
| Beard Equipment<br>2480 E I65 Service Road North<br>Mobile, Alabama 36617 | $ 2,000.00 |
| Bay Breeze Patio<br>32 Forest Shore Drive<br>Destin, Florida 32550 | $ 25,872.00 |
| Rental, Inc. (damage only)<br>127 Griffin Blvd.<br>Panama City Beach, Florida 32413 | $ 2,000.00 |
| M, Inc.<br>4223 Capital Circle, NE<br>Tallahassee, Florida 32303 | $56,584.00 |
| Honda of Fort Walton Beach<br>726 North Beal Parkway<br>Fort Walton Beach, Florida 32547 | $ 4,900.00 |

Restitution shall be paid first, prior to the special monetary assessment.

Restitution amount is left open for a period of 60 days to address any further additions or revisions made to the restitution total.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution in the amount of $514,314.68 is hereby ordered jointly and severally with: Co-defendants Jorge Alberto Ortega Calderon and Francisco Javier Guillin-Bonilla.**

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that: In the interest of justice, interest on restitution is hereby waived.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 10 of 10*
*3:10cr107-002/MCR - RENE ORTEGA CALDERON*
*a/k/a "Rene Enrique Calderon"; a/k/a "Chimuelo"*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) federal victim restitution; (2) special monetary assessment; (3) non-federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

### Breakdown of fine and other criminal penalties is as follows:
**Fine: Waived   SMA: $200.00   Restitution: $514,314.68   Cost of Prosecution: None**

Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $500 over a period of supervised release to commence 3 months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.